UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESSIE WOODWARD; and EDWARD WOODWARD,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; and DOES 1-20,<br><br>Defendants. | Case No.: 17-CV-2369-JLS (KSC)<br><br>**ORDER REQUESTING UPDATED DECLARATIONS BY PLAINTIFFS**<br><br>(ECF Nos. 9, 11) |

Presently before the Court are two Motions to Dismiss, one by Defendant the County of San Diego, (ECF No 9), and one by Defendant Trevor Newkirk, ("Newkirk MTD," ECF No. 11). Both Defendants move to dismiss the complaint, which is brought by Plaintiffs Bessie Woodward and Edward Woodward as successors in interest to Lyle Woodward ("Lyle"). Defendant Newkirk argues that Plaintiffs do not have standing to bring a survival action because they have not properly affirmed they are Lyle's successors in interest.

A successor in interest who "seeks to commence an action or proceeding" on behalf of a decedent "shall execute and file an affidavit" that conforms with the enumerated requirements of California Code of Civil Procedure § 377.32(a). *See Wishum v. California*, No. 14–cv–1491–JST, 2014 WL 3738067, at *2 (N.D. Cal. July 28, 2014) ("Section 377.32 requires any party seeking to commence an action as a decedent's successor in interest to file an affidavit or declaration stating the basis for that designation."). Plaintiffs have filed

1

declarations, (ECF Nos. 5-1, and 5-2), but Newkirk argues "the declarations do not provide facts that allow the Court to determine whether Decedent died intestate, or leaving a valid will, or without issue, or whether plaintiffs are Decedent's sole beneficiaries." (Newkirk MTD 9.)[1] In response, Plaintiffs state Lyle died without a will and without a spouse or children. (ECF No. 13, at 16.)

The Court agrees with Newkirk; Plaintiffs must file declarations that state they are the decedent's successors in interest, "with facts in support thereof." Cal. Code Civ. P. § 377.32(5). Plaintiffs' declarations state only they are successors in interest, with no supporting facts.

The Court finds that it would be a waste of judicial resources to dismiss this complaint due to inadequate declarations, when Plaintiffs state they are able to easily cure the defects. Plaintiffs **SHALL** file updated declarations addressing the deficiencies noted by Defendants <u>within five days of the electronic docketing of this Order.</u> After reviewing the updated declarations, if Defendants continue to contest Plaintiffs' standing to bring this case, they **SHALL** file a response <u>within five days of Plaintiffs' filing of the declarations.</u> If Defendants do not file a response by this time, the Court will issue an order on Defendants' motions to dismiss in due course.

**IT IS SO ORDERED.**

Dated: June 11, 2018

Hon. Janis L. Sammartino
United States District Judge

---

[1] "Decedent's successor in interest" means "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action". Cal. Civ. Proc. Code § 377.11. The definition of "beneficiary of the decedent's estate" depends on whether the decedent died with or without a will. § 377.10. Within this determination, it is important to know if Lyle had a spouse or issue. *See* Cal. Prob. Code §§ 6401, 6402. Thus, these facts must be established to determine whether Plaintiffs are Lyle's successors in interest.