UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESSIE WOODWARD; and EDWARD WOODWARD,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; and DOES 1-20,<br><br>Defendants. | Case No.: 17-CV-2369-JLS (KSC)<br><br>**ORDER DENYING MOTIONS TO DISMISS**<br><br>(ECF Nos. 9, 11) |

Presently before the Court are two Motions to Dismiss, one by Defendant the County of San Diego, ("County MTD," ECF No. 9), and one by Defendant Trevor Newkirk, ("Newkirk MTD," ECF No. 11). Also before the Court is Plaintiffs Bessie Woodward and Edward Woodward's Opposition to the Motions, ("Opp'n," ECF No. 13), and Defendants have filed a joint Reply in Support of their Motions, ("Reply," ECF No. 14). The Court took the Motion under submission without oral argument. (ECF No. 15.) After considering the Parties' arguments and the law, the Court rules as follows.

## BACKGROUND

Plaintiffs Bessie Woodward and Edward Woodward filed a Complaint against the County of San Diego and Trevor Newkirk, ("FAC," ECF No. 5). Plaintiffs are the surviving parents of Lyle Woodward ("Lyle"), who is deceased. (*Id.* ¶¶ 5–6.) Lyle was arrested in late 2016 and was booked at the San Diego Central Jail. (*Id.* ¶ 11.) Lyle "was

1

African-American and had no tattoos" and "was suffering from mental illness." (*Id.* ¶ 12.) The jail personnel, including Defendant Newkirk, knew of Lyle's mental illnesses due to Lyle's "medical evaluations and behavior during previous periods of incarceration" and his "evaluation and ongoing symptoms of mental illness in November and December 2016." (*Id.*) Lyle also exhibited uncontrolled speech and behavior that, "to a reasonable correctional officer, would antagonize other inmates with mental illness or a propensity for violence." (*Id.* ¶ 13.) Lyle was placed in a general population gang with inmate Thinn, "a violent member of the white supremacist prison gang known as the Aryan Brotherhood." (*Id.* ¶ 14.) Thinn's behavior demonstrated to the correctional officers that he was a danger to African-American inmates and "would pose a substantial risk of serious bodily harm to Lyle Woodward if the two men were confined to the same cell." (*Id.* ¶ 15.)

On December 3, 2016, Thinn strangled Lyle. Plaintiffs allege:

> At the time of the attack, jail personnel received radio intercom communication from the cell block indicating that an inmate was seriously injured and needed immediate medical attention. But jail personnel did not immediately call medical personnel. Instead, jail personnel waited an unreasonably long amount of time and then dispatched non-medical jail personnel to check on the cell, providing no indication of any potential medical emergency or medical issue. Correctional officers, including Defendant Newkirk, walked to the cell. No medical personnel were summoned.

(*Id.* ¶ 16.) When Newkirk and other officers responded, Lyle was alive but not conscious or responsive, and had blood pooled around his head. Newkirk "neither administered aid to Woodward nor summoned medical care." (*Id.* ¶ 17.) The officers secured Thinn and Lyle remained unresponsive lying on the ground. (*Id.* ¶ 18.) After "an unreasonably long amount of time had passed," the officers called medical personnel and Lyle was taken to the hospital. He died on December 10, 2017 from his injuries. (*Id.* ¶19.)

Plaintiffs bring five causes of action: (1) a survival claim under 42 U.S.C. § 1983; (2) a deprivation of familial relationship claim under § 1983; (3) negligence; (4) failure to summon medical care; and (5) wrongful death. All causes of action are brought only against Newkirk, except for the third cause of action, which is brought only against the

County.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.*

## ANALYSIS

Both Defendants moved to dismiss various causes of action asserted. The Court will first address the County's Motion.

**I.     County's Motion to Dismiss**

The County moves to dismiss the one claim brought against it: failure to summon medical care under California Government Code section 845.6.  Generally, a public entity is not liable for injury caused by the failure of a public employee to obtain medical care for a prisoner in his custody.  However, when a public employee is acting within the scope of his employment, the public entity is liable "if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Cal. Gov. Code § 845.6.

The County moves to dismiss this claim because it argues Plaintiffs acknowledge that: "(1) deputies responded to Decedent's cell and immediately secured the other occupants in the cell so that medical care could be administered to Decedent by jail medical personnel; (2) deputies summoned medical personnel for Decedent; and (3) medical care was rendered by medical personnel to Decedent." (County MTD 2.)  Further, Lyle was transported to the hospital and received medical care. (*Id.*)

The County cites to *Watson v. State of California*, 21 Cal. App. 4th 836, 842 (Ct. App. 1993), where the court held liability under section 845.6 "is limited to those situations where the public entity intentionally or unjustifiably fails to furnish immediate medical care."  The County argues there is no evidence it intentionally or unjustifiably failed to furnish medical care because the officers summoned medical personnel who administered care to Lyle.

What the County glosses over from *Watson* is the word "immediate."  Plaintiffs have alleged that the officers received communication that Lyle was injured, then "walked to the cell," and, by the time they arrived, blood had pooled around Lyle's head. (FAC

¶ 16.) The officers' first action was to secure Thinn, while Lyle remain lying on the ground unconscious and bleeding. Officers then summoned medical care. (*Id.* ¶ 19.) Whether this was a "reasonable" course of action under the statute, at this stage, cannot be decided. *See Hart v. Orange Cnty.*, 254 Cal. App. 2d 302, 308 (Ct. App. 1967) (finding "the factual question of actual or constructive knowledge of need for immediate care by an employee acting within the scope of his employment and of reasonable action to summon immediate medical care were properly questions for the jury"). Taking Plaintiffs' allegations as true, the officers failed to "immediately" summon medical care to Lyle, and the Court does not decide at this stage whether the officers' actions were reasonable. The Court **DENIES** the County's Motion to Dismiss.

## II. Newkirk's Motion to Dismiss

Defendant Newkirk first moves to dismiss the fourth cause of action, brought under § 845.6. (Newkirk MTD 3.) Plaintiffs do not assert this cause of action against Newkirk, so the Court does not consider Newkirk's Motion to Dismiss this claim. The Court first addresses Newkirk's argument that Plaintiffs do not have standing to bring a survival action.

### *A. Standing*

Under 42 U.S.C. § 1983, a decedent's survivors may bring a claim for the violation of their substantive constitutional rights or those of the decedent. *See, e.g.*, *Conn v. City of Reno*, 591 F.3d 1081, 1096 (9th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). A § 1983 claim survives the decedent if it accrued before the decedent's death and if applicable state law permits a survival action. *See Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006). "The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998) (citation omitted).

Under California law, "a cause of action for . . . a person is not lost by reason of the

person's death, but survives." Cal. Code Civ. Proc. § 377.20(a). "[W]here there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action." *Tatum*, 441 F.3d at 1093 n.2 (citing Cal. Civ. Proc. Code § 377.20).

A successor in interest who "seeks to commence an action or proceeding" on behalf of a decedent "shall execute and file an affidavit" that conforms with the enumerated requirements of § 377.32(a). *See Wishum v. California*, No. 14–cv–1491–JST, 2014 WL 3738067, at *2 (N.D. Cal. July 28, 2014) ("Section 377.32 requires any party seeking to commence an action as a decedent's successor in interest to file an affidavit or declaration stating the basis for that designation."). Plaintiffs filed declarations, (ECF Nos. 5-1; 5-2), but Newkirk argues "the declarations do not provide facts that allow the Court to determine whether Decedent died intestate, or leaving a valid will, or without issue, or whether plaintiffs are Decedent's sole beneficiaries." (Newkirk MTD 9.) The Court requested that Plaintiffs file updated declarations addressing these deficiencies, (ECF No. 16), and Plaintiffs complied, (ECF No. 17). Newkirk no longer contests that Plaintiffs have standing to bring this case because he did not respond to the updated declarations. The Court agrees Plaintiffs have sufficiently alleged they have standing to bring a survival action.

### B. Familial Association Claim Under § 1983

Plaintiffs bring a claim for deprivation of familial relationship under the Fourteenth Amendment. Newkirk moves to dismiss this claim under Rule 12(b)(6).

"The substantive due process right to family integrity or to familial association is well established. A parent has a fundamental liberty interest in companionship with his or her child." *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1079 (9th Cir. 2011) (internal quotation marks and citation omitted). As another district court in this state has explained:

> The due process claim protects the right to familial relations between family members. *See, e.g., Stanley v. Illinois*, 405 U.S. 645, 651 (1972) ("The integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment.") (citing *Meyer v. Nebraksa*, 262 U.S. 390, 399 (1923)). However, only official conduct that "shocks the conscience" is

cognizable as a due process violation. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (citing *Rochin v. California*, 342 U.S. 165, 172–73 (1952)). The threshold question in such cases is "whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Lewis*, 523 U.S. at 847 n.8. The type of conduct which is most likely to rise to the "conscience-shocking level" is "conduct intended to injure in some way unjustifiable by any government interest." *Id.* at 849. Conduct which was not intentional, but rather was deliberately indifferent, may nevertheless rise to the conscience-shocking level in some circumstances. *Id.* at 849–50.

*Willard v. Cal. Dep't of Corr. & Rehab.*, No. 1:14–cv–760–BAM, 2014 WL 6901849, at *5 (E.D. Cal. Dec. 5, 2014); *see also Cotta v. Cnty. of Kings*, 79 F. Supp. 3d 1148, 1176 (E.D. Cal. 2015) (same).

Plaintiffs acknowledge they must claim conscious-shocking behavior on behalf of Newkirk, but argue they have done so. Plaintiffs have alleged that Newkirk was aware of Thinn's background and the danger he would pose to Lyle. (FAC ¶¶ 12–14.) Plaintiffs have alleged that Newkirk nonetheless placed Lyle in Thinn's cell. Plaintiffs argue this cell assignment shocks the conscience. (Opp'n 15.) The Court does not determine here whether Newkirk's actions shocked the conscience nor whether Plaintiffs will ultimately be able to show that Defendants' actions rose to the level required. But, the Court finds, at this stage and after accepting all facts alleged as true, that the allegations state a Fourteenth Amendment violation. *See Cotta*, 79 F. Supp. 3d at 1179 (analyzing cases and determining that "it appears that the Supreme Court and Ninth Circuit hold that the determination of whether conduct 'shocks the conscience' may be an issue of law that the Court may decide based on the undisputed facts").[1] Accordingly, the Court **DENIES** Newkirk's Motion to

---

[1] The court in *Cotta* further recognized there are two standards that may apply in this situation: the deliberate indifference standard or the purpose to harm standard. 79 F. Supp. 3d at 1177. "The 'purpose to harm' standard generally applies only to situations where a government actor must make 'snap judgments because of an escalating situation' because actual deliberation is not practical. *Id.* (quoting *Gantt v. City of Los Angeles*, 717 F.3d 702, 707 (9th Cir. 2013)). The deliberate indifference standard "is satisfied . . . by conduct that either consciously or through complete indifference disregards the risk of an unjustified deprivation of liberty." *Id.* (internal quotations omitted) (quoting *Tatum v. Moody*, 768 F.3d 806, 820–21 (9th Cir. 2014)). Plaintiffs have not alleged that Newkirk was forced to make a quick

Dismiss this claim.

### C. Allegations on Information and Belief

Newkirk argues that the Complaint should be dismissed because it is premised on information and belief. (Newkirk MTD 8.)

"The *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)). Further, "[a]llegations that begin with 'on information and belief' are not automatically insufficient, and are advantageous when the factual issues are ambiguous or unclear between the parties." *Bernstein v. Health Net Life Ins. Co.*, No. 12-CV-717 AJB (JMA), 2013 WL 12095240, at *4 (S.D. Cal. Apr. 4, 2013) (citing *Hightower v. Tilton*, No. C08-1129-MJP, 2012 WL 1194720, at *3 (E.D. Cal. Apr. 10, 2012)).

Here, the relevant facts are primarily within the possession of Defendants and the officers at the jail who were present at the relevant time. At this stage, pleading facts on information and belief is sufficient. The Court **DENIES** Newkirk's Motion to Dismiss on this ground.

## CONCLUSION

The Court **DENIES** both the County and Newkirk's Motions to Dismiss.

**IT IS SO ORDERED.**

Dated: July 9, 2018

Hon. Janis L. Sammartino
United States District Judge

---

judgment in placing Newkirk in Thinn's cell, so the purpose to harm standard does not apply here. Plaintiffs therefore need not prove that Newkirk intended to harm Lyle. The deliberate indifference standard applies here.